## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JODECI VANORDEN, | ) | Case No. 1:24-cv-1568 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| CAPSTONE CREDIT & | ) | |
| COLLECTIONS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Jodeci Vanorden filed a complaint against five Defendants alleging violations of the Fair Debt Collection Practices Act.  (ECF No. 1.)  On October 31, 2024, Plaintiff and Defendant Capio Partners, LLC filed a stipulation of dismissal with prejudice as to Capio Partners pursuant to Rule 21(a)(1)(A)(ii).  (ECF No. 11.) On November 12, 2024, Plaintiff filed a notice of voluntary dismissal with prejudice as to Experian Information Solutions, Inc., pursuant to Rule 21(a)(1)(A)(ii).  (ECF No. 12.)  On November 13, 2024, Plaintiff filed a notice of voluntary dismissal with prejudice as to Capstone Credit & Collections, LLC, pursuant to Rule 21(a)(1)(A)(ii). (ECF No. 13.)  On December 16, 2024, Plaintiff filed a notice of voluntary dismissal with prejudice as to Equifax Information Services, LLC, pursuant to Rule 21(a)(1)(A)(ii).  (ECF No. 17.)

Rule 21 provides that the court may at any time, on just terms, add or drop a party.  Fed. R. Civ. P. 21.  Unless the parties agree otherwise, the Court generally

drops a party under Rule 21 without prejudice.  *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  In every notice filed, Plaintiff moves to dismiss with prejudice.  (*See* ECF No. 11; ECF No. 12; ECF No. 13; ECF No. 17.) Dismissal of a party under Rule 21 is committed to the sound discretion of the district court.  *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (per curiam) (citing *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003)). Based on the Court's review of the record, and the failure of any party to object, the Court sees no reason not to dismiss Capio Partners, LLC, Experian Information Solutions, Inc., Capstone Credit & Collections, LLC, and Equifax Information Services, LLC with prejudice.

After a defendant has filed an answer, as here, or a motion for summary judgment, a plaintiff may obtain a voluntary dismissal through "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii). This type of dismissal generally is without prejudice.  *Id*.  Here, Defendant IC Systems filed an answer on October 10, 2024.  (ECF No. 8.)  Then, on December 13, 2024, Plaintiff and Defendant IC Systems filed a joint stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii).  (ECF No. 16.)  The joint stipulation is signed by Plaintiff's counsel and Defendant IC Systems' counsel but is not signed by all parties who have appeared.  (ECF No. 16, PageID # 111.)

Accordingly, the Court construes the stipulation as brought under Rule 41(a)(2).  Whether to grant dismissal "is within the sound discretion of the district court."  *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007)

2

(citations omitted).  In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and quotation omitted).  To determine whether a defendant will suffer plain legal prejudice, a court consider factors such as:  (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).  The factors and prospect of legal prejudice need not be considered where the plaintiff is moving for dismissal with prejudice. *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1062 (W.D. Ky. 2020).

In the interest of finality, because all other Defendants have been dismissed through Rule 21, and because both Plaintiff and Defendant IC Systems stipulated to dismissal, the dismissal of Defendant IC Systems, Inc. with prejudice is appropriate at this time.

Accordingly, the Court **DISMISSES** this case **WITH PREJUDICE**.

**SO ORDERED.**

Dated:  December 20, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio